UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CYRIL ROY SELVARAJ,

                  Plaintiff,

-against –

GBNY PRODUCTIONS, INC.,
BALBIR SIDANA, and GURSON SIDANA,

                  Defendants.
-------------------------------------------------------------X

Docket No.

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Cyril Roy Selvaraj ("Plaintiff") files this Complaint against defendants GBNY Productions, Inc. (hereinafter "GB's"), Balbir Sidana, and Gurson Sidana (collectively "Defendants"), and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint against Defendants alleging that they failed to pay Plaintiff overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and that he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages equal to that amount; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (3) liquidated damages; (4) statutory damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## PARTIES

3. Plaintiff is a resident of New York and resides in Queens County, New York.

4. Defendant GBNY Productions, Inc. is a domestic corporation doing business as "GB's," with its current principal place of business at 172 Jackson Street, Hempstead, New York 11550. Defendant originally filed with the New York Department of State as a domestic business corporation on January 28, 2016.

5. Defendant Balbir Sidana is a resident of New York. He is a shareholder of GBNY Productions, Inc. During the applicable time period covered by this lawsuit, Balbir Sidana was involved in and/or controlled the employment and supervision of GB's employees and was involved in and/or controlled GB's payroll policies and practices.

6. Defendant Gurson Sidana is a resident of New York. He is a shareholder of GBNY Productions, Inc. During the applicable time period covered by this lawsuit, Gurson Sidana was involved in and/or controlled the employment and supervision of GB's employees and was involved in and/or controlled GB's payroll policies and practices.

7. Each of the defendants are private employers covered by the FLSA, 29 U.S.C. § 203(d), and New York Labor Law, § 190(3).

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer in any Federal or State court of competent jurisdiction."

9. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over

Plaintiff's state law claims because those claims arise out of the same common nucleus of operative facts as Plaintiff's FLSA claims.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) as the parties reside in this judicial district and a substantial part of the acts and omissions giving rise to this action occurred within this judicial district.

## STATEMENT OF FACTS

12. Defendant GB's first hired Plaintiff in or about August 2015 as a non-exempt employee working in its retail store located at 85-15 Rockaway Beach Boulevard, Rockaway, New York. Plaintiff was paid at the rate of $7.00 per hour. At that time, the New York State minimum wage was $8.75 per hour.

13. Plaintiff worked for GB's for nearly five years until GB's terminated him on July 4, 2020. During this time, Plaintiff was never paid the minimum wage, overtime, or spread-of-hours when he worked in excess of ten (10) hours in a single workday.

14. At all times relevant hereto, defendant GB's had 11 or more employees.

15. In or about September 2017, Plaintiff received a raise in pay from $7.00 to $9.00 per hour. The New York City minimum wage for employers with 11 or more workers, such as Defendants, was $12.00 per hour at that time.

16. On or about August 16, 2018, Plaintiff received a raise in pay to $11.00 per hour. The New York City minimum wage for employers with 11 or more workers, such as Defendants, was $13.50 per hour at that time.

17. On or about August 18, 2019, Plaintiff received a raise in pay to $12.00 per hour. The New York City minimum wage for employers with 11 or more workers, such as Defendants, was $15.00 per hour at that time.

18. During the August 2015 to July 2020 time period, Plaintiff often worked more than forty (40) hours per week.

19. During the August 2015 to July 2020 time period, Plaintiff periodically worked more than ten (10) hours in a single workday.

20. During the August 2015 to July 2020 time period, was exclusively paid in cash.

21. During the August 2015 to July 2020 time period, Plaintiff did not receive the minimum wage from Defendants.

22. During the August 2015 to July 2020 time period, Plaintiff did not receive any overtime pay from Defendants, at the rate of time and one-half his straight hourly rate, for any of the hours he worked beyond the forty (40) hours in any given week.

23. During the August 2015 to July 2020 time period, Plaintiff periodically worked for more than ten (10) hours per day, but did not receive any spread-of-hours pay, as required by the New York Labor Law.

24. During the August 2015 to July 2020 time period, Defendants did not give written notice to Plaintiff of his rate of pay, the overtime rate of pay, how he would be paid, how often he would be paid, or his regular payday.

25. During the August 2015 to July 2020 time period, Plaintiff did not receive any wage statements from Defendants.

26. During the August 2015 to July 2020 time period, Plaintiff did not receive any written explanation of how his wages were computed from Defendants.

27. During the August 2015 to July 2020 time period, Defendants regularly failed to provide Plaintiff with required meal and rest periods during shifts that spanned more than six (6) consecutive hours.

28. Plaintiff worked for Defendants until on or about July 4, 2020, at which time he was terminated.

29. During the August 2015 to July 2020 time period, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half) and the New York Labor Law minimum wage, overtime rate, and spread of hours premium, in direct violation of the FLSA and the New York Labor Law, and the supporting federal and New York State Department of Labor Regulations.

## STATEMENT OF CLAIM

### COUNT 1:
### FLSA Claims

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

31. At all relevant times, upon information and belief, Defendants were an employer engaged in interstate commerce and/or the provision of services for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of 29 U.S.C. §§ 206(a) and 207(a),

32. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

34. Plaintiff was entitled to be paid at the rate of time and one-half for all the hours worked in excess of the maximum hours, provided for in the FLSA.

35. Defendants failed to pay Plaintiff overtime compensation in the lawful amount in excess of the maximum hours provided for in the FLSA.

36. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated FLSA, 29 U.S.C. §§ 201, *et. seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

37. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff. Instead, Defendants paid him at his regular hourly rate of pay.

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to *inter alia* the FLSA, 29 U.S.C. § 216(b).

40. Due to the willful and unlawful acts of the Defendants, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment and post-judgement interest thereon.

41. Plaintiff is also entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to *inter alia* 29 U.S.C. § 216(b).

### COUNT 2:
### New York Labor Law Claims

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

44. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the required minimum wage during the time periods of on or about August 2015 through on or about July 4, 2020.

45. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek during the time periods of on or about August 2015 through on or about July 4, 2020.

46. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

47. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations during the time periods of on or about August 2015 through on or about July 4, 2020.

48. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

49. Defendants failed to keep required payroll records, in violation of New York Labor Law §195.

50. Defendants failed to provide prompt payment of wages to Plaintiff upon his termination, in violation of New York Labor Law §191.

51. Defendants failed to provide Plaintiff with required meal and rest periods, in violation of New York Labor Law §162.

52. Defendants failed to provide Plaintiff with minimum wages, in violation of New York Labor Law §652.

53. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the difference between his actual wages and the amounts that were owed under the New York Labor Law. The deficiency accounts for overtime compensation for all overtime hours, and "spread of hours" premium.

54. Plaintiff is also entitled to liquidated damages pursuant to *inter alia* New York Labor Law § 663(1).

55. Plaintiff is also entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to *inter alia* New York Labor Law § 663(1), 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages under the New York Labor Law;

(c) An award of unpaid "spread of hours" premium under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wage, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of statutory damages as a result of Defendants' violations of the FLSA and New York Labor Law;

(g) An award of punitive damages as a result of Defendants' intentional, knowing, willful violations of wage and employment laws;

(h) An award of prejudgment and post-judgment interest;

(i) An award of costs and expenses associated with this action, together with reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b) and the New York Labor Law; and

(j) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: Brooklyn, New York
October 12, 2020

Respectfully submitted,

HELD & HINES, LLP

_/s/ Philip M. Hines_
Philip M. Hines, Esq.
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700
phines@heldhines.com
*Attorneys for Plaintiff Cyril Roy Selvaraj*